STAPLETON, Circuit Judge,
concurring:
As the court observes, this case does not present a substantial constitutional issue. My reasons for so concluding are somewhat different, however, than those assigned in the court’s opinion.
A levy is a seizure under color of state law. See, e.g., 15 Pennsylvania Law Encyclopedia, Execution §§ 61, 62 (1959). Such a seizure constitutes deprivation of a property interest for due process purposes whether or not the judgment debtor may ask the permission of the seizing officer to move the property and whether or not the seizing officer may choose to allow the judgment debtor to continue to exercise some of the attributes of ownership. See Finberg v. Sullivan, 634 F.2d 50, 59-60 (3d Cir.1980). As the court’s opinion demonstrates, however, appropriate process in the factual context of this case was afforded under the District Justice Rules. The levy was a court authorized seizure based on a duly entered final judgment and an opportunity was afforded to secure relief from an erroneous or excessive seizure within a maximum of eight days. This process exceeds the minimum process due under the Constitution as interpreted in Finberg.
None of the appellants here is in a position to advance the only arguable constitutional issue presented by the District Justice Rules. If Rule 1020[1] were inteipreted as automati- *125 eally precluding a judgment debtor with a meritorious claim for relief from an erroneous or excessive seizure from securing that relief prior to a final merits decision in the Court of Common Pleas, a judgment debtor adversely affected by the application of the Rule as so interpreted would be able to raise a substantial constitutional issue.[2] The stay provided by Rule 1020, however, is triggered only by the filing of “a statement of objection” — i.e., an appeal — with the Court of Common Pleas. Thus, this substantial issue would be presented for decision only if an appellant had been successful on her objection before the district justice but the release of her property had been stayed under Rule 1020 when the landlord appealed to that court. No one other than Barbara Cinea in this ease filed an objection with a District Justice. Cinea filed an objection and secured an order releasing some of her property. The district court’s findings of fact, however, indicate that the landlord appealed only her mother’s judgment and the record evidences no appeal from the order releasing a portion of her own personal property. Because no one involved in this case was adversely affected by Rule 1020, the court properly expresses no opinion on its interpretation or constitutionality.

. Rule 1020 provides:
Until further order of the court of common pleas, receipt by the district justice of the state *125 ment of objection shall operate as a stay of any execution proceedings that may be affected by the proceedings on the statement.

. It is not necessary to construe Rule 1020 in this manner. Rule 1020 provides for “a stay of any execution proceedings that may be affected by the” appeal. At the time the Rule comes into play, the levy has been completed and, of what remains to be done, the execution sale proceedings would seem to be the most likely intended object of the stay. As so construed, Rule 1020 would serve only to protect a judgment debtor's property from sale when he or she has appealed from a decision of the district justice in favor of the creditor. Given that this is the most natural reading and that a contrary one would raise substantial issues trader the United States Constitution, I believe the Supreme Court of Pennsylvania would be more likely to adopt this interpretation.